UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRANDO IVAN AMANCIO BERAUN ROJAS,

Petitioner,

v. Case No.: 2:26-cv-02803-SPC-KRH

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.

## OPINION AND ORDER

Before the Court are Brando Ivan Amancio Beraun Rojas's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 6).

Beraun Rojas is a native and citizen of Peru who entered the United States on August 28, 2022, and surrendered himself to immigration officials. U.S. Customs and Border Protection (CBP) designated him for expedited removal. An asylum officer determined Beraun Rojas had a credible fear of prosecution or torture if he returned to his home country and commenced full removal proceedings. On November 9, 2022, Immigration and Customs Enforcement (ICE) paroled Beraun Rojas into the country. Beraun Rojas applied for asylum and received work authorization. He files federal income tax returns, has a two-year-old U.S. citizen daughter, and has no criminal record.

On September 12, 2026, Immigration and Customs Enforcement (ICE) officers approached Beraun Rojas in a Walmart parking lot while he was working as a delivery driver. Beraun Rojas showed the officers his social security card, employment authorization, and Pennsylvania driver's license. The officers arrested him without a warrant and with no explanation other than, "You are illegal." (Doc. 1 at 10). Beraun Rojas is currently detained at Glades County Detention Center without an opportunity to seek release on bond.

Beraun Rojas claims his detention without a bond hearing violates the Fifth Amendment. In response, the government confirms it will not conduct a bond hearing because it considers Beraun Rojas an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). As the government acknowledges, its position is contrary to binding Eleventh Circuit precedence. In *Hernandez Alvarez*, the Eleventh Circuit held, "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior. By interpreting § 1225 to stretch far beyond the border and ports of entry, the Government vitiates this longstanding distinction." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).

The Court turns to the merits of Beraun Rojas's due process claim. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life,

liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Beraun Rojas's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Second, the risk of erroneous deprivation of that interest is substantial here. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment

unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). It is the government's position that Beraun Rojas is subject to mandatory detention despite the absence of any special justification simply because it classifies him as an "arriving alien" (contrary to the plain meaning of the term and the law of this circuit). Without some consideration of the facts, there is nothing to ensure immigration detention serves its statutory purposes and is used in accordance with the Constitution and the laws enacted by Congress.

Third, the government has not established any legitimate interest in Beraun Rojas's continued detention. Immigration detention has two statutory goals: to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community. *Zadvydas*, 533 U.S. at 690. The government makes no effort to show that Beraun Rojas's detention serves either purpose. The record is devoid of any evidence suggesting Beraun Rojas is a flight risk or a danger to the community. He has engaged with the immigration process by applying for asylum and obtaining work authorization, he has not evaded immigration officials or other law enforcement, he provides for his a two-year-old U.S. citizen daughter, and he has no criminal history whatsoever.

For these reasons, the Court finds that the government violated Beraun Rojas's Fifth Amendment rights by detaining him without due process.

Accordingly, it is hereby **ORDERED**:

Brando Ivan Amancio Beraun Rojas's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Beraun Rojas and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 26, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record